NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

The BORDEN COMPANY, Respondent.

No. 20547.

United States Court of Appeals
Fifth Circuit.

March 4, 1964.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Dominick L. Manoli, Assoc. Gen. Counsel, N.L.R.B., Seymour Strongin, Atty., Washington, D. C., Arnold Ordman, Gen. Counsel, Warren M. Davison, Atty., N.L.R.B., for petitioner.

Allen R. Grambling, Harold L. Sims, El Paso, Tex., for respondent.

Before HUTCHESON, BREITENSTEIN * and BELL, Circuit Judges.

HUTCHESON, Circuit Judge.

This case is before the court on petition of the National Labor Relations Board for the enforcement of its order issued against respondent and reported at 137 NLRB 1618.

The board found that respondent violated Sec. 8(a) (1) of the Act by interrogating employees concerning their interest in the union and their voting intentions in a representation election and by otherwise interfering with their rights guaranteed by Sec. 7 of the Act.

The board also found that the company violated Sec. 8(a) (3) of the Act by discharging an employee, Ceferino Anchondo because of his membership in and activity in behalf of the Union.

The respondent contends: (1) that the board's finding that respondent violated Sec. 8(a) (1) of the Act by allegedly threatening and interrogating its employees, is without support on the record considered as a whole; (2) that the substantial evidence on the whole record does not support the board's finding that respondent violated Sec. 8(a) (3) and (1) of the Act by discharging Anchondo because of his membership in, and activity in behalf of, the union, and that the evidence on the contrary shows that Anchondo was discharged for cause within the meaning of Sec. 10(c) of the Act; and (3) that the trial examiner evidenced such bias for the union as to deny

* Of the Tenth Circuit, sitting by designation.

respondent a fair hearing, and the board by the adoption of the findings of the trial examiner denied respondent a fair and impartial trial.

While we reject the respondent's contention: that the evidence shows such bias and prejudice on the part of the examiner as to deprive the respondent of a fair hearing and trial; and that on the record as a whole the finding of the board, that respondent violated Sec. 8(a)(1) of the Act, is not supported by evidence; we are of the clear opinion: that the record established that Anchondo was, within the meaning of Sec. 10(c) of the Act, discharged for cause; and that the finding of the board to the contrary is without support in the evidence and may not be enforced.

In this state of the record, we think it clear that the order of the board should be enforced except as to Anchondo, and as to that part of the order, enforcement should be denied.

Enforcement granted in part and denied in part.